STEVE McKEITHEN, Chief Justice,
dissenting.
I respectfully dissent. The majority seems to conclude that section 30.05 of the Texas Penal Code is constitutional because an adequate civil remedy for its potential abuse exists in this case, and decides that, for this reason, Wilson’s conviction should be affirmed. But Wilson does not attack the constitutionality of section 30.05 of the Penal Code. See Tex. Penal Code Ann. § 30.05 (West Supp. 2016). His complaint centers on the unwritten policy of the City of Dayton, which ostensibly gave the City Manager unfettered authority to ban him from the City of Dayton’s property.
In Anthony v. State, 209 S.W.3d 296 (Tex. App.-Texarkana 2006, no pet.), the Texarkana Court of Appeals carefully examined a conviction for criminal trespass with facts nearly identical to those of this case. In Anthony, the city had an unwritten policy that delegated to its police officers the authority to ban people from public parks at their discretion. Anthony, 209 S.W.3d at 301. After a police sergeant gave Anthony notice not to return to a city park, Anthony returned to the park and was arrested for criminal trespass. Id. On appeal, Anthony argued, among other things, that the city’s policy violated the Due Process Clause and that the evidence was legally insufficient to support his conviction. Id.
As part of his Due Process argument, Anthony contended that the unwritten pol *349 icy was inherently vague, and permitted selective law enforcement. Id. at 306. As the Anthony court noted, to satisfy due-process requirements, a statute or regulation “must provide adequate notice of the required or prohibited conduct.” Id. The regulation need not be mathematically precise, but it “must be defined.with ‘sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not permit arbitrary and discriminatory enforcement.’ ” Id. (quoting State v. Holcombe, 187 S.W.3d 496, 499 (Tex. Crim. App. 2006)). After noting that the unwritten policy was not premised on a violation of specific rules, delegated complete discretion to the police officer without providing guidelines for the exercise of that discretion, and presented a “substantial risk of arbitrary and discriminatory enforcement[,]” the Anthony court concluded that the unwritten policy was unconstitutionally vague. Id.
I find the reasoning in Anthony persuasive, and I would conclude that there is no meaningful distinction between the facts of Anthony and those of this case. Specifically, I would conclude that the fact that Anthony involved discretion vested in the police, while the case at bar involves discretion vested in the City Manager, is a distinction without merit. Douglas intended to ban Wilson permanently from the Dayton Community Center (DCC) despite the lack of any written policies governing what types of behavior are unacceptable at DCC. Like the police officers in Anthony, Douglas, in his capacity as City Manager, has been given discretion to protect the safety of Dayton’s citizens, but there are no guidelines in place to govern Douglas’s exercise of his discretion. A reasonable person would not have fair warning of what type of conduct would result in banishment from the property, and the policy presents a substantial risk of arbitrary and selective enforcement. See id. I believe that the City of Dayton’s unwritten policy vesting unfettered discretion in the City Manager regarding who may be. on the City’s public premises is unconstitutionally vague. See id. I would reverse the conviction and render a judgment of acquittal.